WALDEN, Judge
This suit involves a contract for the construction of a building. Final judgment was entered in favor of the general contractor and eleven (11) sub-contractors and against the owners. The owners appeal. We reverse.
This case got off on the wrong foot in the trial court. Then matters worsened making ours a difficult task not helped by the fact that appellees have not favored us with a brief.
Unravelling the Circuit Court events, we see the complaint with its shortcomings opened the scene. Its insufficiency, which we shall discuss, permeated the subsequent happenings and causes us to reverse.
The general contractor was the plaintiff and filed the complaint against the owners and eleven (11) sub-contractors, all of whom were denominated as defendants. It was entitled, “Petition for Declaratory Decree.” It was filed and maintained on the chancery side of the court (the 1954 Florida Rules of Civil Procedure, as amended July 28, 1965, were applicable). It provided :
I
“CHRISTIE and REDDICK entered into a contract (copy attached as Exhibit A) for the construction of a building in Broward County, Florida. A construction loan agreement was entered into between REDDICK, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BROWARD COUNTY, and CHRISTIE wherein First Federal Savings and Loan Association of Brow-ard County agree to disburse money to CHRISTIE for the construction of the building. (Copy attached as Exhibit B) A supplemental agreement was entered into between CHRISTIE and REDDICK providing for a change in the contract providing for central air conditioning instead of unit air conditioners throughout the building in question. (Copy attached as Exhibit C) The contract proceeded according to plan until it was time for the final draw.
II
“There is on deposit with the First Federal Savings and Loan Association of Broward County the sum of $3,100.00 which sum is due to the contractor and his subcontractors. In addition to this sum there is due from REDDICK to CHRISTIE the sum of $2,375.00 which is the extra costs to be paid by REDDICK to CHRISTIE for the change order as to the central air conditioning system and there is further due to CHRISTIE from REDDICK $248.00 the statement of Curtis & Kaplan, Inc., an additional extra on this job which extra was solely authorized by REDDICK and not by CHRISTIE.
III
“Under the contract there is due and outstanding to subcontractors the following indebtedness
(Here eleven sub-contracting companies were listed with sums opposite their names varying from $60 to $987.03.)
IV
“It has been necessary for the Plaintiff in this cause of action to employ the undersigned attorney to prosecute this cause of action for him which said attorney is entitled to a reasonable attorney’s fee for his services in prosecuting this cause of action which sum should be taxed as costs herein.
“WHEREFORE it is respectfully prayed that after a hearing it (sic) held and the rights of all of the parties to this cause of action have been determined that a judgment will be entered against the principal defendants REDDICK for all sums that are due under the terms and provisions of the agreements entered *436 into between the respective parties including reasonable attorney’s fees and costs of this action.”
The owners attacked the complaint vigorously by motions saying, among things, that it failed to state a claim for declaratory relief; that plaintiff’s remedy was by an action ex contractu; that neither equity jurisdiction nor the jurisdictional minimum of $10,000.00 on the law side of the Circuit Court had been invoked; that the owners were entitled to a jury trial; that there had been a misjoinder of the subcontractors; that no breach or failure on the part of the owners had been shown; and that plaintiff had failed to prove his performance or basis for entitlement. It is unnecessary to discuss the subsequent pleadings other than to say that the owners’ efforts were unavailing and their motions were denied.
The case came on for final hearing before the chancellor with the owners’ request for jury trial being denied. The witnesses testified aimlessly as to work done and not done and amounts due. So far as the record reveals the theory of plaintiff’s case was never revealed or understood. When plaintiff rested, owners’ counsel in his argument disclosed that he had interpreted it as a suit to enforce a lien. Plaintiff’s counsel disclaimed that theory and, upon being queried as to the real nature or theory of the suit, he replied, “Well, the pleadings are in. You have seen them all.”
The chancellor entered a final judgment. In it he awarded sums of the owners’ money to the eleven (11), sub-contractors, including three of the sub-contractors against whom decrees pro confesso had been entered and who had never filed any pleadings or claims for relief. These sums totaled $5,475.00. The chancellor then gave a money judgment in favor of plaintiff and against the owners in the net amount of $442.94 and ordered execution levied for each of the sums so awarded.
It is patent that plaintiff’s complaint failed to state a cause of action and should have been dismissed, and that the eleven (11) sub-contractors were misjoined in the suit
Without laboring the matter overmuch, it did not state a claim for declaratory relief because it did not reflect a need for a declaration, a justiciable controversy or the involvement of some immunity, power, privilege or right on the part of the owners. In others words, no declaration was sought and no doubt expressed. Sections 87.01, 87.02, F.S.1965, F.S.A. Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, Inc., Fla.App.1968, 210 So.2d 750; Tulip Realty Co. of Florida, Inc. v. Fuhrer, Fla. App.1963, 155 So.2d 637; Garner v. De Soto Ranch, Inc., Fla.App.1963, 150 So.2d 493; Colby v. Colby, Fla.App.1960, 120 So.2d 797; Halpert v. Oleksy, Fla. 1953, 65 So.2d 762; Coral Gates Properties v. Hodes, Fla.1952, 59 So.2d 630; 9 Fla.Jur., Declaratory Actions, §§ 8, 9, 19, 25, 47, 48. As to the theory of mechanic’s lien, we are willing to accept counsel’s statement that a claim of lien theory was not his aim, coupled with the fact that there are utterly no allegations or proofs that would support such.
All in all, we are as mystified as to the equitable theory of this case as apparently were counsel and the trial court. Having now the privilege of assaying the complaint in the light of the trial proofs, we, believing that plaintiff has revealed the length and breadth of his claim against the owners, see no basis for equity or Circuit Court jurisdiction. Further, while amendments to conform with the evidence were not sought under Rule 1.15(b), Fla.R.Civ.Proc., 1965, 30 F.S.A., we can affirmatively say there is no basis for such.
 The record reflects that the only claim plaintiff had against the owners was a suit for damages in a sum considerably less than $10,000, with the owners’ being entitled to a jury trial. Rule 2.1, Fla.R.Civ. Proc., 1965; Hightower v. Bigoney, Fla. 1963, 156 So.2d 501, 17 A.L.R.3d 1308. There is no basis for joining the sub *437 contractors as defendants, although on remand the trial court may consider permitting them to intervene as plaintiffs, if requested. The case belongs in the Court of Record in and for Broward .County, Florida. Section 2, Chapter 59-877, Gen. Laws, State of Florida.
The final judgment is reversed and remanded to the trial court with instructions to dismiss the complaint with leave given plaintiff to amend to plead a suit against the owners for money damages less than $10,000. The trial court is further respectfully instructed to transfer the cause to the Court of Record in and for Broward County, Florida.
Reversed and remanded with directions.
CROSS, C. J., and MELVIN, WOODROW M., Associate Judge, concur.