375 So.2d 5 (1979)
Phillip YADEN, Appellant,
v.
HANOVER INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 78-1239.
District Court of Appeal of Florida, Fourth District.
May 23, 1979.
Rehearing Denied August 31, 1979.
*6 Eric A. Lanigan, of Maher, Overchuck & Langa, Orlando, for appellant.
Michael S. Rywant, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
DOWNEY, Chief Judge.
While a passenger in an automobile owned and operated by Charles Vorobok, the appellant, Phillip Yaden, was injured due to an automobile accident. Vorobok was insured by Travelers Insurance Company with liability limits of $10,000/20,000 and uninsured and underinsured motorist coverage in the same amounts. Appellant had identical coverage with Hanover Insurance Company. After Travelers paid appellant the limits of its liability policy, appellant brought this suit, claiming that he was entitled to stack the Hanover uninsured motorist coverage upon the Travelers uninsured motorist coverage, since appellant's damages exceeded the amount of the Travelers liability coverage.
Appellant suffered an adverse summary judgment in the trial court and seeks review of that disposition of his claim.
It appears to us the trial court was eminently correct in granting summary judgment for appellee denying appellant's right to stack his uninsured motorist coverage of $10,000 and Vorobok's $10,000 uninsured motorist coverage.
Several Florida cases[1] have cited Cunningham v. INA, 213 Va. 72, 189 S.E.2d 832 (1972), for the rationale behind uninsured motorist coverage. Distilled to its essence, the purpose of that type of insurance seems to be to allow a person to buy insurance to protect himself and that category of persons defined as named insureds from the unfortunate happenstance of being injured by an uninsured person. It is in the nature of first party insurance. The *7 purchaser of such coverage is entitled to add together or stack such coverages.[2]
We are not dealing here with a true uninsured or underinsured motorist. The car in which appellant was riding at the time of the accident was insured with $10,000/20,000 liability coverage and a like amount of uninsured motorist coverage. Thus, the liability coverage held by Vorbok and the uninsured motorist coverage of appellant were equal.
In order to determine if appellant can recover both under his policy and under Vorobok's policy we must look to the statute. Section 627.727(2)(b), Florida Statutes (1973), provides in pertinent part:
"(2) For the purpose of this coverage, the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
"(a) * * *
"(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under uninsured motorist's coverage."
The concept of underinsured motorist coverage provided for in Section 627.727(2)(b) only applies to a situation where the claimant has "UMI" coverage which exceeds the amount of "liability" coverage possessed by a tortfeasor. That concept does not include stacking the tortfeasor's UMI and the UMI coverage of the injured person.
In this case Travelers has not provided limits of bodily injury liability for Vorobok which are less than the limits applicable to Yaden under Yaden's uninsured motorist coverage. Thus, appellant's contention that he should be able to stack both coverages is incorrect.
Accordingly, we affirm the judgment appealed from.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] Government Employees Insurance Company v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977); Travelers Insurance Company v. Pac, 337 So.2d 397 (Fla. 2nd DCA 1976).
[2] This case arose prior to the enactment of Section 627.4132, Florida Statutes (1976), which prohibits stacking.