374 So.2d 568 (1979)
Susan BEHRMANN, Appellant,
v.
INDUSTRIAL FIRE & CASUALTY INSURANCE COMPANY, a Foreign Corporation and Florida No-Fault Insurance Agency, Inc., a Florida Corporation, Appellees.
No. 78-1867.
District Court of Appeal of Florida, Third District.
August 7, 1979.
Rehearing Denied September 24, 1979.
*569 Marvin H. Gillman, Miami, for appellant.
Goodhart & Rosner, Greene & Cooper and Sharon L. Wolfe, Miami, for appellees.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
This is an appeal and cross appeal from a final judgment in a breach of contract action denying the plaintiff insured Susan Behrman uninsured motorist benefits from its insurance carrier, the defendant Industrial Fire & Casualty Company. We affirm.
The plaintiff was a passenger in an automobile driven by an insured motorist who collided with another automobile driven by an uninsured motorist. The plaintiff had uninsured motorist coverage with the defendant carrier which was equal to the liability insurance limits of the insured motorist, and, for that reason alone, the plaintiff is not entitled to collect uninsured motorist benefits from the defendant carrier on this accident. Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077, 1080-81 (Fla. 1978); Travelers Insurance Co. v. Wilson, 371 So.2d 145 (Fla.3d DCA 1979); Aetna Casualty & Surety Co. v. Ilmonen, 360 So.2d 1271 (Fla.3d DCA 1978); § 627.727(1), Fla. Stat. (1977). This result is not changed by the fact that the plaintiff is also an insured for the same limits under the uninsured motorist provision of the insured motorist's policy, as, under identical circumstances, it has been held that the plaintiff cannot stack such uninsured motorist coverages. Yaden v. Hanover Insurance Co., 375 So.2d 5 (Fla.4th DCA 1979).
It is unnecessary to consider the reasons stated in the final judgment for denying uninsured motorist coverage herein as it is clear that the trial court, in any event, reached the right result. In re Estate of Yohn, 238 So.2d 290, 295 (Fla. 1970). It is also unnecessary to reach the merits of the cross appeal in view of our disposition of the main appeal.
Affirmed.
SCHWARTZ, Judge (dissenting).
In my judgment, none of the decisions cited in the majority opinion, all of which deal with markedly different situations, are controlling. The plaintiff in this case, who was ostensibly covered by $15,000 in UM insurance provided by Industrial Fire, was a passenger in a car, the driver of which was insured with $15,000 liability limits by Stonewall Insurance Company. The car was involved with another un insured vehicle in an accident in which both drivers were at fault. Under these circumstances, I believe, as the appellant contends, that she is entitled to the benefit of both coverages, with her own UM properly regarded, not as being "stacked" upon her driver's liability policy, compare Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978), but as representing the other, uninsured, motorist's liability. If both drivers were insured, the plaintiff would clearly be entitled to recover, in effect, against both of their liability carriers. Therefore, a simple application of the general rule that the purpose of UM is to provide the insured with the same protection accorded if the tortfeasor were covered by liability insurance, e.g., Aetna Casualty and Surety Co. v. Ilmonen, 360 So.2d 1271, 1274 (Fla.3d DCA 1978), requires, I believe, a result opposite to that reached by the court.
I also agree, however, with the appellee's contention on cross-appeal that the lower court erroneously directed a verdict in the plaintiff's favor at the jury trial on the question of whether she had not "knowingly" rejected UM coverage offered by Industrial Fire and was therefore entitled to its protection. See Riccio v. Allstate Ins. Co., 357 So.2d 420 (Fla.3d DCA 1978). I would reverse for a new trial on that issue alone.