379 So.2d 1038 (1980)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Julio C. ANTA and Maria Anta, His Wife, United States Fidelity & Guaranty Company, Gladys Lamelas and Mel Lamelas, Appellees.
No. 79-892.
District Court of Appeal of Florida, Third District.
February 19, 1980.
*1039 Lane, Mitchell & Harris and Byron B. Mathews, Jr., Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Leo B. West, Miami, for appellees.
Before HUBBART and NESBITT, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Government Employees Insurance Company (herein referred to as GEICO) appeals from the order by which its complaint for declaratory judgment was dismissed. We hold the dismissal was error, and reverse.
The complaint disclosed the following. The defendant Maria Anta and the defendant Mel Lamelas, driving separate vehicles, were involved in an accident in which Maria Anta received personal injuries. The defendant Julio C. Anta held an automobile liability insurance policy issued by GEICO, covering him and his family, with uninsured motorist coverage ($50,000.00). The defendants Mel Lamelas and his wife Gladys held a policy of automobile liability insurance with total available coverage in the amount of $10,000.00, issued by the defendant United States Fidelity & Guaranty Company (USF&G). For a consideration of $10,000.00 the Antas gave a release to the Lamelas and all other persons, firms and corporations for all demands or claims relating to said accident.
The Antas made underinsured motorist liability claim of $40,000.00 against their insurer, GEICO. GEICO then rejected the Antas' claim against it on the ground that the said release given by the Antas had released it therefrom. Thereafter an agreement to void the release was entered into by the Antas (through their attorney Leo West as their representative) and the Lamelas and the latter's insurer USF&G through its representative Cliff Leonard. Therein it was stipulated by those parties that the release had been entered into by mistake as to its effect upon the Antas' underinsured motorist insurance claim against GEICO. It was recited therein that the $10,000.00 previously paid by the Lamelas to the Antas had been returned to the former, and that the release was "declared null and void, because of mutual mistake." In its complaint GEICO claimed doubt as to the validity or legal effect of those instruments, on the basis of which its rights or obligations could be affected, and sought declaratory judgment accordingly, upon joining all the interested parties as defendants.
The defendants Anta moved to dismiss, on the ground that the complaint filed by GEICO did not state a complaint for declaratory relief. The order for dismissal did not state the ground upon which it was entered. Presumably the dismissal was grounded on a conclusion by the court that a cause of action for declaratory judgment was not presented, as was contended in the motion to dismiss. If so, the dismissal was error, for the reasons stated below in this opinion. However, in response to plaintiff's appeal, it was argued by the appellees that the dismissal was grounded upon and represented a ruling of the court on the merits against the plaintiff. If that is so, then the dismissal on motion, prior to the filing of answer and trial, was premature. See Mills v. Ball, 344 So.2d 635, 638 (Fla. 1st DCA 1977), where the court said:
"Unlike other actions, a motion to dismiss a petition for declaratory judgment does not go to the merits but goes only to the question of whether or not the plaintiff is entitled to a declaration of rights  not to whether or not he is entitled to a declaration in his favor. See Rosenhouse v. 1950 *1040 Spring Term Grand Jury, 56 So.2d 445 (Fla. 1952); and Hialeah Race Course, Inc. v. Gulfstream Park Racing Ass'n Inc., 210 So.2d 750 (Fla. 4 DCA 1968). In spite of the fact that appellant, in his motion to dismiss, raised an issue on the merits, a ruling by the trial court on the merits at that time was premature. A ruling on the merits should not be made until after final hearing where the parties have full opportunity to present evidence in support of their respective positions."
We hold the court was in error in concluding that the complaint failed to state a cause for relief by declaratory judgment. The matter presented by GEICO's complaint was within the scope and purpose of the declaratory judgment act, Chapter 86, Florida Statutes (1977).
Section 86.021 of said Chapter 86 provides, among other things, that any person whose rights, status or other equitable or legal relations are affected by a contract or other instrument in writing may have determined any question of construction or validity arising thereunder, "and obtain a declaration of rights, status or other equitable or legal relations thereunder."
Clearly a determination of the validity or effectiveness vel non of the release and of the subsequent agreement to void the release would affect the "rights or legal relations" of GEICO bearing on its liability or non-liability to its insureds on their underinsured motorist insurance claim against GEICO.
In Hildebrandt v. Department of Nt. Res., Div. of I.R., 313 So.2d 73 (Fla. 3d DCA 1975), this court, upon citing and following Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla. 1952), said:
"Dismissal of a declaratory judgment action, on a defendant's motion to dismiss, is proper where it is made to appear that the complaint or petition does not present a matter for which determination by declaratory judgment is provided for in Chapter 86, or where for some other reason the resort to declaratory judgment is legally inappropriate. However, where, as in this case, the declaratory judgment act was properly invoked for a determination of the rights, status or equitable or legal relations of a party or parties under a statute or rule promulgated thereunder, then by the nature and purpose of the declaratory judgment act, and in fact by its express wording the plaintiff or petitioner was entitled to have the same determined by a declaratory judgment."
For the reasons stated, the order of dismissal is reversed and the cause is remanded for further proceedings culminating in a declaratory judgment.