415 So.2d 103 (1982)
Winifred R. FLOYD and Chester C. Floyd, Appellants,
v.
The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellee.
No. 81-975.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Byrd V. Duke, Jr., North Miami, for appellants.
Shutts & Bowen and Edmund T. Henry, III, Miami, for appellee.
Before SCHWARTZ and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellants, husband and wife, filed a complaint for a declaratory judgment to determine whether there was coverage for the husband under a group health insurance policy. The trial court entered an order granting appellee's motion to dismiss for failure to state a cause of action with leave to amend within twenty (20) days  which was non-appealable, Cassidy v. Ice Queen International, Inc., 390 So.2d 465 (Fla. 3d DCA 1980)  then entered an appealable order of dismissal with prejudice when plaintiffs did not amend the complaint within the allotted time.[1] As the single issue in *104 this appeal appellants contend that the complaint was sufficient and should not have been dismissed. We agree and reverse.
Chester Floyd is the husband of Winifred Floyd. They claim that Chester is an insured dependent under a policy of insurance issued to Winifred through her employer. GUARDIAN, the insurer, disputes Chester's rights under the policy, relying on provisions in the policy identifying the wife as a Class II employee whose dependents are not covered. Mr. Floyd incurred large medical expenses, a small portion of which GUARDIAN paid before denying liability. The Floyds brought an action for, among other things, declaratory relief.[2]
A complaint seeking declaratory relief must allege ultimate facts showing a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff; the plaintiff's doubt about the existence or non-existence of his rights or privileges; that he is entitled to have the doubt removed. Grable v. Hillsborough County Port Authority, 132 So.2d 423 (Fla. 2d DCA 1961); Colby v. Colby, 120 So.2d 797 (Fla. 2d DCA 1960); May v. Holley, 59 So.2d 636 (Fla. 1952). Also, the persons having an actual, present and adverse interest in the subject matter must be shown. Miller v. Miller, 151 So.2d 869 (Fla. 2d DCA 1963).
Although prolix, the complaint satisfied these requirements and is sufficient to establish a claim for declaratory relief.[3] A bona fide adverse interest was asserted by plaintiffs on the ground that they were insured either directly under defendant's policy or, as shown by the issuance of Group Insurance Enrollment and Record Cards to Chester C. Floyd, as an eligible dependent. *105 The complaint also alleges a right to coverage which cannot be readily ascertained due to ambiguous provisions in the policy. Lastly, it is alleged that inconsistent acts of GUARDIAN, bearing on the question of coverage, make plaintiffs' status under the policy uncertain and that plaintiffs are entitled to have that status determined.
Appellee urges us to find that the complaint sounds solely in contract thus the only proper forum is at law for damages and not in equity for declaratory relief, citing several cases as authority. In the cases relied upon by appellee  Reddick v. Christie, 226 So.2d 434 (Fla. 4th DCA 1969) (complaint on construction contract for sums owed to plaintiffs did not state a claim for declaratory relief); Broward Drug Stores, Inc. v. Perini Land & Development Company, 170 So.2d 86 (Fla. 2d DCA 1964) (Lessee's complaint showed no doubt existed as to lease provisions and no special circumstances requiring declaratory relief beyond available legal remedies); Barrett v. Pickard, 85 So.2d 630 (Fla. 1956) (provisions of the instrument clear and free of ambiguities leaving only an issue of damages not properly ascertainable under Declaratory Relief Statute)  the courts were not faced with complaints alleging ambiguity in the terms of a written agreement and seeking a determination of rights and obligations of the parties.
The possibility that a proper interpretation of the insurance policy would result in a decree adverse to plaintiffs does not preclude their right to a declaratory decree. Talcott v. Central Bank and Trust Co., 220 So.2d 411 (Fla. 3d DCA 1969).
Reversed and remanded for further consistent proceeding.
NOTES
[1] Appellees contend that the order dismissing with leave to amend is an order to amend and failure to comply is grounds for dismissal on the merits, appellate review of which is limited to whether the trial court abused its discretion. We considered the same issue recently, Nezelek v. Sunbeam Television Corporation, 413 So.2d 51 (1982), and held to the contrary. A party whose complaint has been dismissed for failure to state a cause of action with leave to amend has the option of amending or awaiting entry of an appealable order if he wishes to challenge the correctness of the dismissal.
[2] Section 86.021, Florida Statutes (1979) provides:

Any person in doubt about his rights under a ... instrument in writing or whose rights, status or other equitable or legal relations are affected by .. . memorandum, or instrument in writing may have determined any question of construction or validity arising under such ... contract, deed, will, ... memorandum or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder.
[3] The complaint alleges in pertinent paragraphs:

4. That on March 31, 1977, Plaintiff, Winifred R. Floyd was a full time employee of Manson Clinic and made application for Group Insurance Enrollment and Record Card, setting forth Plaintiff, Chester C. Floyd, her husband, as eligible dependent, a copy of said Group Insurance and Record Card is attached, marked Exhibit "B", and made a part hereof.
7. Plaintiff, Winifred R. Floyd, pursuant to page 4(a) of said policy was eligible and insured for Dependent Coverage for her husband, Chester C. Floyd, and the bottom of the page states "Except as provided below, each employee who meets these requirements shall become insured for Dependents Coverage, ...".
11. That when Plaintiff, Chester C. Floyd was hospitalized on November 12, 1979, Defendant thru [sic] its employee, Clara or Clara Sipes of Defendant's office at 720 Olive Street, St. Louis, Mo. verified to North Shore Hospital by telephone that Plaintiff, Chester C. Floyd had dependent coverage of 100% to unlimited amount.
15. That by reason of the ambiguity and uncertainty of the provision of said policy, Exhibit "A" and Enrollment and Card, Exhibit "B", and by reasons of Defendant's conduct and payment of some claims, and the provisions of the omission of the words "and dependent" from Part III of the policy on second page no. 36, and the concealment of Defendant of the policy as to page 1027.1003 and 1027.1004 which will be described hereafter which was drawn by Defendant; that Plaintiffs are in doubt as to their rights under the policy in the circumstances alleged herein.
18. The Defendant orally denied Plaintiffs' claims, denied liability under its policy and failed and refused and still fails and refuses to pay Plaintiffs the claim of $25,477.95 or any part thereof.
WHEREFORE, Plaintiff demands the court to grant relief as follows:
1. To interpret and construe the provision of the policy and Group Insurance Enrollment and Record Card and to render and enter a declaratory judgment of the meaning and effect in the circumstances of said provision, ... that the Defendant is ... liable upon its policy... .