PER CURIAM.
We reverse the order dismissing with prejudice the third amended complaint of Dennis, et al., the plaintiffs below, which alleges, in essence, that Daldossi, the defendant, is the title owner, as trustee, of certain real property and that by virtue of their having contributed money towards the acquisition of the property or services in connection with procuring necessary zoning, the plaintiffs believe they are entitled to a judgment declaring their legal interests in such property, and the property thereafter partitioned, as against Daldossi’s claim that the property is his to the exclusion of the plaintiffs. In our view, the third amended complaint sets forth sufficient ultimate facts showing a bona fide adverse interest between the parties concerning a right of the plaintiffs and doubt about the existence of this right, so as to entitle the plaintiffs to have the doubt removed by a judgment for them or for the person, here Daldossi, shown to have the adverse interest. See May v. Holley, 59 So.2d 636 (Fla.1952); Floyd v. The Guardian Life Insurance Company of America, 415 So.2d 103 (Fla. 3d DCA 1982). If the trial court’s barebones dismissal order was based on Daldossi’s affirmative assertion that the plaintiffs’ action was barred by a bankruptcy court’s prior judgment, then since neither the complaint nor exhibits attached thereto show on their face that the action is barred, dismiss *314 al is improper. Pizzi v. Central Bank and Trust Co., 250 So.2d 895 (Fla.1971); Ciliberti v. Ciliberti, 416 So.2d 48 (Fla. 3d DCA 1982).
Reversed and remanded for further proceedings.