430 So.2d 578 (1983)
Joann SCHARFSCHWERDT, Individually and As Parent and Natural Guardian of Otto Scharfschwerdt, a Minor, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Etc., Appellee.
No. 82-986.
District Court of Appeal of Florida, Fifth District.
May 4, 1983.
*579 John H. Piccin and Seymour H. Rowland, Jr., Ocala, for appellant.
Wayne C. McCall of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellee.
COWART, Judge.
In accordance with Lackore[1] we agree that the rationale of Dewberry[2] was not affected by the 1979 amendment to section 627.727(1), Fla. Stat. (1975) and, consistent with cases from other district courts of appeal,[3] we now explicitly[4] hold that:
Where two tortfeasors are jointly and severally liable for damages caused to a third person in an automobile accident, although one tortfeasor is uninsured or underinsured, if the other tortfeasor has liability insurance with policy limits equal to, or greater than, those contained in uninsured motorist coverage possessed by the injured third person, the injured third person cannot recover under his own uninsured motorist policy.
AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] Hartford Accident & Indemnity Co. v. Lackore, 408 So.2d 1040 (Fla. 1982).
[2] Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978).
[3] See United States Fidelity & Guaranty Co. v. Timon, 379 So.2d 113, (Fla. 1st DCA 1979); Behrmann v. Industrial Fire & Casualty Insurance Co., 374 So.2d 568 (Fla. 3d DCA 1979); Travelers Insurance Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979), cert. den. 385 So.2d 762 (Fla. 1980); Yaden v. Hanover Insurance Co., 375 So.2d 5 (Fla. 4th DCA 1979), cert. den. 383 So.2d 1205 (Fla. 1980).
[4] We have, without articulating it, applied the principle stated in this case in our Per Curiam Affirmed decision in Sparks v. Allstate Insurance Company, 413 So.2d 899 (Fla. 5th DCA 1982).