SCHWARTZ, Chief Judge.
The order below dismissing the plaintiffs complaint for a declaratory judgment that his UM coverage with the defendant insurer was applicable to a particular accident is reversed. Zessin alleged that he had been in a collision involving two other drivers. One of them, Lippman, was fully insured but Zessin’s action against her resulted in a verdict in her favor. The other driver was the operator of a “phantom vehicle” which, by virtue of Zessin’s adverse verdict in the case against Lippman, was alleged to be the sole negligent party. It is clear that the complaint, alleging that the UM carrier stood in the shoes of the phantom vehicle, stated a claim for the declaratory relief sought. Floyd v. Guardian Life Ins. Co. of America, 415 So.2d 103 (Fla. 3d DCA 1982); Tavares v. Allstate Ins. Co., 342 So.2d 551 (Fla. 3d DCA 1977); see Travelers Ins. Co. v. Wilson, 371 So.2d 145, 148 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 762 (Fla.1980). Such cases as Scharfschwerdt v. Allstate Ins. Co., 430 So.2d 578 (Fla. 5th DCA 1983), cited in the trial court’s order, and our similar decision in Behrmann v. Industrial Fire & Casualty Ins. Co., 374 So.2d 568 (Fla. 3d DCA 1979), do not foreclose relief on the merits. In those cases UM coverage was held to be unavailable because one of two negligent parties was insured; here, it is alleged that the only insured driver was not liable for the accident and that only the uninsured motorist was. See Wilson, supra.[1]
We also conclude that the carrier’s various claimed defenses[2] should be asserted in its answer and may not properly be considered in a motion to dismiss, particularly in an action for declaratory judgment. Floyd, supra; Sanchez v. Mercy Hospital, 386 So.2d 42 (Fla. 3d DCA 1980); Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977). Finally, we are entirely unpersuaded by Criterion’s contentions that the dismissal may be upheld on various non-substantive grounds, including the claim that the plaintiff is foreclosed because a copy of the insurance policy — the existence and applicability of which were admitted during discovery — was not attached to the complaint. See Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So.2d 1171, 1172 (Fla. 3d DCA 1981).
For these reasons, the judgment is reversed and the cause remanded for further consistent proceedings.
Reversed.

. It appears that judgment was entered against Zessin in the action against Lippman on the basis of the jury’s finding that his injuries did not reach the no-fault threshold. It is premature to resolve the intriguing questions which arise as to the effect of this fact upon the coverage issue in this case.

. The issue referred to in note 1 is one of these defenses.