**ALLSTATE INSURANCE
COMPANY, Plaintiff,**

**v.**

**Machel HILBUN, Defendant.**

**Civ. A. No. J88–0002(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 7, 1988.

Stephen P. Kruger, Upshaw, Williams, Biggers, Page & Kruger, Jackson, Miss., for plaintiff.

David Ringer, Florence, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Before the court for consideration is the motion of plaintiff Allstate Insurance Company for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant Machel Hilbun has responded to the motion and the court has reviewed the memoranda of authorities together with attachments submitted by the parties.

This is an action by Allstate for declaratory judgment brought pursuant to 28 U.S. C. § 2201, in which Allstate seeks a determination that it has no liability to Hilbun under the uninsured motorist provisions of a certain automobile policy under which Hilbun was an insured. The facts underlying the parties' dispute are set forth in a previous opinion of the court entered August 24, 1988, but will be briefly restated here.

On October 30, 1987, Hilbun was involved in an automobile accident with two other vehicles, one driven by Ellen Crawford and the other by David Richardson. At the time of the accident, Southern Farm Bureau Casualty Insurance Company (Southern Farm) provided bodily injury and property damage liability coverage to Ellen Crawford; that policy furnished $10,000 of liability coverage. David Richardson, who was an employee of Dickerson Auto Clinic, Inc., was also at the time of the accident covered under a policy of automobile liability insurance issued by Casualty Reciprocal Exchange (Casualty) to his employer; the per person liability limit under the Dickerson policy was $350,000. Hilbun made claims upon both Richardson's and Crawford's liability insurance carriers for her damages caused by the accident; yet each carrier denied her claim on the basis that

the accident was not the fault of its insured.

Hilbun also made demand upon her carrier, Allstate, that it determine whether the carriers of Richardson and Crawford had insurance coverage for the accident and, if not, to pay her claims for all damages resulting from the accident under Allstate's uninsured motorist coverage. Following that demand, Allstate brought this action seeking a declaratory judgment that neither the Richardson nor Crawford vehicle was an uninsured motor vehicle under Mississippi law such that it consequently is under no duty to assume any liability for damages sustained by Hilbun.

Under Mississippi law, an uninsured motor vehicle is one as to which there is no bodily injury liability insurance. Miss.Code Ann. § 83–11–103. However, under Mississippi's statutory definition of "uninsured motor vehicle," an automobile is also considered uninsured if it is:

(ii) a motor vehicle as to which there is [bodily injury liability] insurance in existence, but the insurance company writing the same has legally denied coverage thereunder . . . ; or

(iii) an insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his insured motorist coverage[.]

Miss.Code Ann. § 83–11–103(c)(ii) and (iii). In the case at bar, it is undisputed that as to both the Crawford and Richardson vehicles, there is in existence bodily injury liability insurance. The parties do dispute, however, whether the Crawford or Richardson vehicle, or both, may properly be considered "uninsured" under the definitions provided in subsections (ii) and (iii). The applicability of these two subsections will be separately considered.

Allstate urges that there has been no denial of coverage by the liability carriers for either Richardson or Crawford and that, accordingly, neither vehicle may properly be considered "uninsured." Plaintiff, on the other hand, asserts that since both companies have refused to pay her dam-

ages, regardless of the reason, coverage is not available to her and therefore, the carriers have effectively denied coverage.[1] In support of its motion, Allstate has submitted the affidavit of Paul W. Baham, Jr., District Claims Manager of Southern Farm, in which he states that his company's policy in effect at the time of the accident provides both bodily injury and property damage liability coverage for the claims made against Crawford by Hilbun "if liability is established against Crawford for the accident." His affidavit further states the company's position that Hilbun's claim was and continues to be denied not because there is no coverage available to Crawford but on the basis that Crawford was neither responsible for the accident nor legally liable to Hilbun. Similarly, W.M. Mammoliti, Area Claims Manager for Casualty, has stated by affidavit that at the time of the October 30 accident, there was in effect a policy insuring Dickerson's Auto Clinic and H.C. Dickerson which provides bodily injury and property damage liability coverage for Hilbun's claims against David Richardson, an employee of Dickerson Auto Clinic. And, as did Crawford's carrier, Casualty denied and continues to deny Hilbun's claims for the reason that Richardson was not responsible for the accident and is not liable to Hilbun—not because there was no coverage.

The Mississippi Supreme Court has stated that "[a]n insurer denies coverage to its insured when it fails or refuses to accord him the protection it contracted to give." *State Farm Mutual Automobile Insurance Company v. Talley*, 329 So.2d 52, 56 (Miss.1976) (quoting *State Farm Mutual*

*Automobile Insurance Company v. Brower*, 204 Va. 887, 134 S.E.2d 277 (1964)). Here, there has been no such failure or refusal. The Baham and Mammoliti affidavits establish the position of each respective carrier that there is in fact *coverage* under their policies for the accident in question. They have not denied coverage to their insureds; they have simply denied any liability to Hilbun under the facts. In fact, the court observes that Casualty has proceeded in the defense of its insured in a state court action concerning the accident.[2] Each carrier has acknowledged the existence of coverage and presumably an obligation to pay Hilbun in the event it is established that her damages were in fact caused through the fault of its insured.

In support of her position that Richardson's and Crawford's insurers have denied coverage, plaintiff relies on *Hodges v. Canal Insurance Co.*, 223 So.2d 630, 634 (Miss.1969), in which the court stated that Mississippi's uninsured motorist provision "must be construed from the perspective of the injured insured, from whose standpoint a tortfeasor operating an automobile with no insurance available is an uninsured motorist." She reasons that insurance is not "available" to her inasmuch as the carriers have refused payment to her. In this regard, the court notes that an injured insured, before she may recover under the uninsured motorist provisions of her policy, must establish that she is "legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle...." Miss.Code Ann. § 83–11–101 (Supp.1988). And, while there is no requirement under Mississippi

---

1. Unlike the statutory definition of uninsured motor vehicle which includes an automobile upon which there is liability insurance but as to which the carrier has "legally" denied coverage, Allstate's policy defines an uninsured automobile as "a motor vehicle for which the insurer denied coverage...." Under Mississippi law, where the provision in a policy with respect to what constitutes an uninsured vehicle does not diminish the coverage required by statute, the policy definition controls the determination of whether a particular automobile is uninsured. *State Farm Mutual Automobile Ins. Co. v. Talley*, 329 So.2d 52, 54 (Miss.1976) (policy provision defining uninsured automobile requiring only

denial of coverage and not legal denial of coverage held to control court's inquiry). Hence, the court need only consider whether there has been a denial of coverage, irrespective of whether it was a "legal" denial of coverage.

2. On September 6, 1988, Ellen Crawford instituted an action against Dickerson Auto Clinic, Inc. and David Richardson in the County Court of the First Judicial District of Hinds County, Mississippi, No. 24,135, for injuries she allegedly sustained in the accident. In that suit, Casualty is providing Richardson's and his employer's defense.

law that the insured first obtain judgment against the owner or operator of the uninsured automobile before bringing an action against the uninsured motorist carrier under an insurance contract, the insured is nevertheless required to establish legal liability of the uninsured motorist. *Harthcock v. State Farm Mutual Automobile Insurance Co.,* 248 So.2d 456, 460 (Miss. 1971); *Preferred Risk Mutual Insurance Co. v. Poole,* 411 F.Supp. 429, 437 (N.D. Miss.1976). In the case at bar, the liability insurance carriers for Richardson and Crawford have denied the "legal liability" of their respective insureds for the accident, an element which plaintiff must prove to recover uninsured motorist benefits in any event. Under the circumstances, Hilbun's attempt to equate a denial of legal liability with a denial of insurance coverage cannot be accepted. In sum, the court is of the opinion that neither Southern Farm nor Casualty has denied coverage to its respective insureds; thus, neither vehicle is uninsured under Miss.Code Ann. § 83–11–103(c)(ii).

Having concluded that neither of the involved vehicles was uninsured because of any denial of coverage, the court next considers whether that part of Mississippi's definition of "uninsured motor vehicle" which includes "underinsured" automobiles applies in this case. A potential basis for declaring the Crawford and/or Richardson vehicles uninsured is that provision defining an uninsured motor vehicle as an insured motor vehicle

> when the liability insurer of such motor vehicle is provided limits of bodily injury liability for its insured vehicle which are less than the limits applicable to the injured person provided under his uninsured motorist coverage.

Under this definition, the court must compare the limits of a tortfeasor's liability coverage to the limits applicable to the insured person under his uninsured motorist coverage. *Wickline v. United States Fidelity & Guaranty Co.,* 530 So.2d 708, 713 (Miss.1988). The Allstate policy under which Hilbun was an insured provides uninsured motorist bodily injury coverage with limits of $100,000 per person and $300,000

per occurrence. The vehicle driven by Richardson provides liability limits of $350,-000 per person and per occurrence, thus exceeding the uninsured motorist coverage furnished to Hilbun under her own policy. The vehicle operated by Richardson was therefore not underinsured. As to the Crawford vehicle, however, the Southern Farm policy provides only $10,000 of liability coverage, substantially less than Hilbun's coverage of $100,000. Allstate reasons that since the total limits of liability applicable to this accident—the combined liability limits of both the Crawford and Richardson coverages, $360,000—exceed the $100,000 coverage furnished to Hilbun under her own policy, then neither of those vehicles may be considered uninsured and therefore Hilbun's uninsured motorist coverage is not invoked. The court cannot accept this argument, at least in the present posture of the case.

Acknowledging that there are no Mississippi cases on point, Allstate has cited *Scharfschwerdt v. Allstate Insurance Co.,* 430 So.2d 578 (Fla.1983), in which the Florida Supreme Court held that

> where two tortfeasors are jointly and severally liable for damages caused to a third person in an automobile accident, although one tortfeasor is uninsured or underinsured, if the other tortfeasor has liability insurance with policy limits equal to, or greater than, those contained in the uninsured motorist coverage possessed by the injured third person, the injured third person cannot recover under his own uninsured motorist policy.

*Id.* at 579. Allstate's reliance on the rule stated in *Scharfschwerdt* appears to be based on an assumption that Crawford and Richardson are joint tortfeasors and hence are jointly liable for Hilbun's damages. Under Mississippi law, two tortfeasors may be held equally liable for the entire damage sustained where their concurrent negligence produces a single indivisible injury. *Gallo v. Crocker,* 321 F.2d 876 (5th Cir. 1963). And, the victim of that negligence may maintain an action for that tortious conduct against and collect damages from either of the tortfeasors. *Hood v. Dealers*

*Transport Co.,* 472 F.Supp. 250, 253 (N.D. Miss.1979). Here, a determination has not yet been made that Richardson and Crawford are jointly and severally liable, or in fact that either is liable, for damages to Hilbun. It has not been established that either party was negligent, whether one party was solely responsible for the accident and if so whom, or whether, as Allstate seems to assume, both Richardson and Crawford were at fault. A decision by the court as to the parties' relative fault would entail the court's resolving factual disputes, a function clearly not within the court's province on a motion for summary judgment.

■ If it were to be ultimately determined that Richardson was solely at fault and thus solely liable for Hilbun's damages, then Hilbun could not invoke the uninsured motorist coverage of Allstate's policy since his vehicle was not uninsured or underinsured. If, however, it were determined that Hilbun's damages were caused entirely by the negligence of Crawford, then in that situation, Crawford would be considered uninsured by virtue of her being underinsured. Finally, if it were found that both Richardson and Crawford were negligent and that their combined negligence caused plaintiff's injuries, then, if Mississippi law were construed in accordance with the rule stated by the Florida Supreme Court, neither would be considered uninsured and Hilbun could have no recovery under her policy. While it is not essential that the court resolve the issue at this time, the court does find the reasoning of the court in *Scharfschwerdt* persuasive. Further, venturing an *Erie* guess, this court is of the opinion that if the Mississippi Supreme Court were presented with this question, it would favorably view the rule enunciated in *Scharfschwerdt.* Accordingly, in the court's opinion, the only basis upon which Hilbun could recover under her policy is if she establishes that Crawford, the underin-

sured motorist, was negligent and that her negligence was the sole proximate cause of Hilbun's damages, and if she further establishes that her damages are in excess of Crawford's $10,000 limit of liability.[3]

■ The court would note that previously in this cause, Hilbun, in an apparent effort to defeat this court's subject matter jurisdiction, submitted to the court an affidavit in which she stated that "at this time" her damages do not exceed the sum of $10,000. Allstate took the position in response that Hilbun might ultimately claim that her damages exceed $10,000 since she had limited her affidavit to damages at a particular point in time. Allstate now takes the position that Hilbun should be bound by her prior affidavit such that she can not now claim damages in excess of $10,000, resulting in the irrelevance of Crawford's being underinsured. The court, in considering Hilbun's affidavit on the jurisditional issue, observed that Allstate's potential exposure extended to the $100,000 limit of liability under the uninsured motorist provision of its policy since plaintiff's affidavit left open a possibility that she would ultimately seek more than $10,000 in actual damages. Because Allstate formerly urged that Hilbun's damages could eventually exceed $10,000, the court will not now bind Hilbun to her previous representation regarding her damages and thus rejects Allstate's argument that she should be so bound.

Because the court has concluded that the vehicle operated by Richardson is not an uninsured motor vehicle within the meaning of either Allstate's policy or Mississippi's statutory definition of uninsured motor vehicle, the court is of the opinion that Allstate's motion should be granted on the issue of whether Richardson was uninsured. However, because there does exist the potential that Crawford's vehicle was uninsured because she, under the facts, is

---

3. The court would note that if the facts are as claimed by the parties to this lawsuit, Allstate and Hilbun, it is unlikely that Hilbun can demonstrate that Crawford's actions were the sole cause of the accident. These parties claim that the Richardson vehicle struck the rear of Hil-

bun's vehicle causing her to spin and collide with the automobile driven by Crawford. And, it is worth noting that Crawford was the first of the persons involved in the accident to institute suit as a result of the accident. *See supra* note 2.

underinsured, the motion should otherwise be denied.

Accordingly, it is ordered that Allstate's motion is granted in part and denied in part as provided hereinabove.

ORDERED.