666 So.2d 930 (1995)
EFFORT ENTERPRISES OF FLORIDA, INC., Appellant,
v.
LEXINGTON INSURANCE COMPANY, a foreign corporation, Appellee.
No. 94-2991.
District Court of Appeal of Florida, Fourth District.
November 1, 1995.
Rehearing Denied February 14, 1996.
*931 Henry Burnett and Steven E. Stark of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellant.
Michael B. Davis of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellee.
POLEN, Judge.
Effort Enterprises of Florida, Inc. (Effort) seeks review of a trial court's dismissal of an amended crossclaim seeking a declaratory judgment to declare coverage for appellant under an existing policy of insurance through Lexington Insurance Company (Lexington) and to establish Lexington's alleged breach of its insurance contract. We reverse.
The instant action arises secondary to a personal injury/wrongful death lawsuit which arose out of a collision involving an automobile and a tractor trailer owned by North American Van Lines, Inc. (NAVL), and/or Effort, in which four members of the Michaud family died and one was severely injured.
Initially, NAVL settled with the Michauds on their claim of wrongful death and personal injury resulting from the above-mentioned auto accident. Subsequently, however, seeking to recover funds which it had contributed toward the settlement, NAVL sued National Union Fire Insurance Company and Lexington as its insurers who respectively provided the first and second level of liability coverage on the claim. NAVL additionally sued Effort  which operated under an agency agreement with it and whose truck and driver had allegedly caused the accident  for contractual indemnity.[1]
Thereafter, Effort filed a crossclaim against Lexington seeking a declaration of its rights under the insurance policy provided by Lexington. Effort alleged that it was an additional or named insured under those policies and was therefore entitled to a defense and indemnification. Lexington then moved, successfully, to dismiss Effort's crossclaim and its subsequent amended crossclaim, for failure to state a cause of action. Upon Effort's decision not to further amend, but rather, to stand on its pleadings, the trial court then entered the final judgment of dismissal under appeal.
Appellant here correctly argues that, pursuant to section 86.011, et seq., Florida Statutes, and State Farm Fire & Casualty Co. v. Cronk, 530 So.2d 445 (Fla. 4th DCA 1988), a declaratory decree action is an appropriate means by which to determine the issue of coverage, inclusive of the issue relating to a duty to defend, and that the trial court erred in denying their right to proceed.
In Marr Investments v. Greco, 621 So.2d 447, 449 (Fla. 4th DCA 1993), we held that "[t]he duty of an insurer to defend is determined solely by the allegations of the complaint against the insured" [and] "if there is any doubt about the duty to defend, the issue is to be resolved in favor of the insured requiring the insurer to defend."
As stated in Ward v. Nationwide Mutual Fire Ins. Co., 364 So.2d 73, 77 (Fla. 2d DCA 1978), "where there are two interpretations which may fairly be given to language used in a policy, the one that allows the greater indemnity will govern." See also Weldon v. All American Life Ins. Co., 605 So.2d 911, *932 915 (Fla. 2d DCA 1992), wherein the Florida Supreme Court held:
Since an insurer, as draftsman of the form policy, will not be allowed to use obscure terms to defeat the purpose for which a policy is purchased, the terms must be liberally construed in favor of coverage so that where two interpretations are available the one allowing greater indemnity will prevail.
In the instant case, Effort has alleged doubt concerning the application of the insurance policies and sought a determination of the rights and obligations of the parties. In Government Employees Ins. Co. v. Anta, 379 So.2d 1038 (Fla. 3d DCA 1980) (GEICO), the third district held that:
Unlike other actions, a motion to dismiss a petition for declaratory judgment does not go to the merits but goes only to the question of whether or not the plaintiff is entitled to a declaration of rights not to whether or not he is entitled to a declaration in his favor.
GEICO, 379 So.2d at 1039 (citation omitted). Clearly, Effort was entitled to have the trial court declare its rights, if any existed, under the policy with Lexington.
Furthermore, as the third district pointed out in Floyd v. Guardian Life Ins. Co. of America, 415 So.2d 103 (Fla. 3d DCA 1982), "[t]he possibility that a proper interpretation of the insurance policy would result in a decree adverse to plaintiffs does not preclude their right to a declaratory decree." Floyd, 415 So.2d at 105.
Thus, while it may be that Effort may ultimately fail to qualify as an insured under either (b)(1)(4) or (b)(1)(5) of the policy, pursuant to GEICO, a motion to dismiss a petition for declaratory judgment goes only to entitlement for such a judgment, not to the merits of the case. "A ruling on the merits should not be made until after final hearing where the parties have full opportunity to present evidence in support of their respective positions." 379 So.2d at 1039.
Thus, because we find that the trial court's holding, reaching the ultimate merits, has impermissibly foreclosed appellant's right to proceed, we REVERSE.
GUNTHER, C.J., and WARNER, J., concur.
NOTES
[1] Issues arising from the litigation between NAVL and National Union Fire Insurance Co. are pending in a separate appeal in this court, case number 94-1035.