966 So.2d 8 (2007)
TRANSPORTATION CASUALTY INSURANCE COMPANY, n/k/a Aequicap Insurance Company, Appellant,
v.
SOIL TECH DISTRIBUTORS, INC., Bulk Express Transport, Inc., Reynaldo Rodriguez, Margaret Heath & Kenneth Heath, as Co-Personal Representatives of the Estate of James Gabriel, the Estate of Marie Gabriel, and the Estate of Michael Gabriel, and Margaret Heath & Kenneth Heath, as Co-Guardians of James Joseph Gabriel, Appellees.
No. 4D06-1483.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
*9 John R. Hargrove and Dana J. McElroy of Gordon Hargrove & James, P.A., Fort Lauderdale, for appellant.
Richard J. Ovelmen, Enrique D. Arana, and Mitchell D. Sprengelmeyer of Jorden Burt LLP, for appellees Soil Tech Distributors, Inc., Bulk Express Transport, Inc. and Reynaldo Rodriguez.
WARNER, J.
Transportation Casualty Insurance Company appeals a final order dismissing its complaint for declaratory relief against its insured. Because the court concluded that what Transportation sought was rescission of the complaint, it refused to entertain the declaratory judgment action. We reverse, as Transportation was entitled to seek declaratory relief, even though other relief might also be available.
A vehicle owned by Soil Tech and operated by one of its drivers was involved in an automobile accident in which several members of a family were killed or injured. As a result of the accident, a lawsuit was filed against Soil Tech on behalf of the family. Transportation defended under a reservation of rights, as it contended that Soil Tech had misrepresented the condition of its vehicles in violation of its obligations under the policy.
In order to ascertain its responsibilities, Transportation filed suit for declaratory judgment. It sought to determine, inter alia, whether Soil Tech was in compliance with the terms of the policy and the warranties contained therein with respect to the condition of the vehicle; whether Soil Tech had made a material misrepresentation as to the condition of the vehicle; and whether there was liability coverage for the accident and/or a duty to defend under the terms of the policy.
Soil Tech moved to dismiss the declaratory judgment action, claiming that Transportation's sole remedy was for rescission of the policy. Later, when Transportation settled the underlying tort action, Soil Tech also alleged that the declaratory action was moot.[1] The trial court agreed with Soil Tech that Transportation must seek rescission, and it dismissed the complaint. Transportation appeals.
Although the trial court required Transportation to seek rescission, as its sole remedy, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief." § 86.111, Fla. Stat. Moreover, the availability of a remedy is reached after, not before, the determination of a plaintiff's rights. Meadows Cmty. Ass'n v. Russell-Tutty, 928 So.2d 1276, 1280 (Fla. 2d DCA 2006). A declaratory action is an appropriate means by which to determine the issue of coverage, inclusive of the issue relating to a duty to defend. Effort Enters. of Fla., Inc. v. Lexington Ins. Co., 666 So.2d 930, 931 (Fla. 4th DCA 1995). Parties seeking declaratory relief must show that:
there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining *10 party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
May v. Holley, 59 So.2d 636, 639 (Fla. 1952).
Soil Tech's primary argument is that the insurer was required to plead the elements of rescission, because the insurer was seeking to void the policy. If Soil Tech is arguing that a claim for rescission is the insurer's only remedy, then this argument is foreclosed by the plain language of section 86.111. If, instead, Soil Tech is arguing that the insurer needed to plead the elements of rescission in order to state a claim for declaratory relief, it has cited no authority that actually supports this heightened pleading requirement.
An insurer may file a declaratory action in order to determine whether an insurance policy is voidable. See United Servs. Auto. Ass'n v. Clarke, 757 So.2d 554, 555 (Fla. 4th DCA 2000) ("USAA filed a separate declaratory judgment action against the Clarkes seeking to void the insurance policy ab initio because of Clarke's material misrepresentation in his application for insurance."). Although a prerequisite to rescission is placing the other party in the status quo ante, see Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So.2d 306, 313 (Fla. 2000), it does not follow that the insurer must allege a return of premiums when seeking a declaratory judgment that it is entitled to void the policy. An insurer may want to know whether a policy is, in fact, voidable before seeking to rescind the policy, and a declaratory judgment is an appropriate means to that end.
Because Transportation was entitled to a declaration of its rights, even if it had a remedy of rescission, the trial court erred in dismissing the complaint. We thus reverse and remand for further proceedings in the declaratory judgment action.
POLEN and HAZOURI, JJ., concur.
NOTES
[1] Although the trial court did not dismiss the declaratory action on mootness grounds, Soil Tech invites this court to affirm on that basis. We decline the invitation, finding that, based on the limited record before us, there is still a controversy present.