379 So.2d 113 (1979)
UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,
v.
Bernard TIMON and Annie Timon, Appellees.
No. OO-251.
District Court of Appeal of Florida, First District.
September 19, 1979.
Rehearing Denied November 7, 1979.
Larry Hill of Sherrill, Moore & Hill, Pensacola, for appellant.
Robert J. Mayes of Levine, Warfield, Middlebrooks, Magie, Rosenbloum & Magie, Pensacola, for appellees.
ROBERT P. SMITH, Jr., Acting Chief Judge.
USF&G appeals from a circuit court summary judgment determining that USF&G is or will be liable, depending on the extent of appellees' injuries, for up to $10,000 of uninsured motorist benefits provided by their USF&G policy, even if appellees should collect the liability policy limits, $10,000, on an automobile operated by alleged (and assumed) tortfeasor Shell into a collision with appellees' vehicle. The summary judgment is predicated on the theory that a third vehicle, driven by a hit-and-run phantom tortfeasor, contributed to appellees' loss; that the phantom tortfeasor's vehicle was uninsured; and consequently that appellees' uninsured motorist benefits should compensate appellees on account of the unavailability of an insured recovery from the phantom tortfeasor, even though the insurer of joint tortfeasor Shell will respond to the extent of $10,000, the exact amount of appellees' uninsured motorist coverage.
In our view USF&G's limit of liability for uninsured motorist benefits is $10,000, irrespective of the number of tortfeasors and vehicles in the collision, and that the availability of an insured $10,000 recovery from tortfeasor Shell precludes access to USF&G's uninsured motorist benefits. See Dewberry v. Auto Owners Ins. Co., 363 So.2d 1077 (Fla. 1978); Travelers Ins. Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979); Aetna Cas. and Surety Co. v. Ilmonen, 360 So.2d 1271 (Fla. 3d DCA 1978). The availability of one joint tortfeasor's liability insurance benefits, in the same amount as claimants' uninsured motorist benefits, satisfies the purpose for which uninsured motorist benefits were provided by law and contract, irrespective of the fact that those uninsured motorist benefits would be available to claimants in full were the phantom the only tortfeasor, and irrespective of the fact that claimants' insured recovery would *114 be greater were the phantom not a phantom but rather an insured tortfeasor brought jointly to court with the tortfeasor insured equally with claimants' uninsured motorist liability limits.
REVERSED.
SHIVERS, J., and MASON, ERNEST E., Associate Judge, concur.