GRIMES, Acting Chief Judge.
This appeal involves the question of whether an insurance company may set off from its limits of liability the amount of uninsured motorist benefits paid to the injured party where the insured automobile tort-feasor is alleged to be jointly liable with the uninsured automobile tort-feasor. We hold that such a setoff may not be made.[1]
Barbara Hartley Fenner, a passenger in an automobile operated by Kathy L. McLowhorn, was injured in a collision with an automobile driven by Martin T. Shoemaker which occurred on October 28, 1978. At the time of the accident, McLowhorn was insured for liability with State Farm Mutual Automobile Insurance Company with limits of $25,000 per person, but Shoemaker was uninsured. McLowhorn had no uninsured motorist coverage. Fenner was insured under an automobile liability insurance policy issued to her father also by State Farm. State Farm paid Fenner $25,-000 under the uninsured motorist provisions of her father’s policy, the total coverage available for injury by accident to one person.
After Fenner received the benefits under her father’s policy, she filed suit against McLowhorn and State Farm, as McLow-horn’s liability insurer, alleging damages as a result of McLowhorn’s negligent operation of her automobile. The court granted summary judgment to State Farm on the premise that Fenner’s receipt of uninsured motorist benefits equal to McLowhorn’s liability limits barred Fenner from suing State Farm.
Fenner admits that if one joint tort-fea-sor has liability insurance coverage in the same amount as the claimant’s uninsured motorist coverage, the claimant is not entitled to collect uninsured motorist benefits even though the other tortfeasor is uninsured. § 627.727, Fla.Stat. (1977); United States Fidelity & Guaranty Co. v. Timon, 379 So.2d 113 (Fla. 1st DCA 1979). Fenner, however, argues that there is no authority for the converse of this proposition, to wit: that uninsured motorist benefits paid to an injured party may be set off against the tort-feasor’s liability insurance. We agree.
In International Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569 (Fla.1972), our supreme court held that a negligent defendant was not entitled to offset from the judgment rendered against him the amount of uninsured motorist benefits previously paid to the plaintiff. Admittedly, the uninsured motorist statute then in effect (section 627.0851, Florida Statutes (1969)), contained no language directed toward eliminating a duplication of benefits. While section 627.727, Florida Statutes (1977), does seek to avoid certain duplications, it is written in the context of payments which are required to be made under uninsured motorist coverage. There is nothing in this statute which suggests that a liability insurance carrier can offset uninsured motorist benefits previously paid to the plaintiff.[2]
State Farm asserts that it had no alternative to paying the uninsured motorist benefits to Fenner because an uninsured motorist carrier may not require the insured to litigate his cause of action against a third party tort-feasor prior to making a claim under the uninsured motorist provisions of his own policy. Arrieta v. Volkswagen Insurance Co., 343 So.2d 918 (Fla. 3d DCA 1977). However, State Farm could have resisted the claim on the premise that McLowhorn was a jointly negligent tort- *52 feasor with liability limits equal to the uninsured motorist coverage. See Travelers Insurance Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979).
An example illustrates the fallacy of State Farm’s position. Suppose Fenner ultimately obtains a judgment against McLowhorn for $30,000. With State Farm dismissed from the case, it might then take the position that it had no responsibility for paying any portion of the judgment thus depriving McLowhorn of the benefit of her liability coverage. It may be that State Farm would have a claim for subrogation in the proceeds of Fenner’s recovery; but if so, by leaving State Farm in the case, any monies required to be paid by State Farm, as the liability carrier, to itself, as the uninsured motorist carrier, would have the effect of reducing the McLowhorn judgment.
Accordingly, we reverse the judgment for State Farm and remand the case for further proceedings.
RYDER, J., and NELSON, WILLIAM J., Associate Judge, concur.

. The applicable uninsured motorist statute in this case is section 627.727, Florida Statutes (1977). Because this statute has been amended so many times, we caution our readers that any reliance upon the propositions of law stated herein must be weighed in light of the current version of the statute.

. We wonder if this dispute would have even occurred if it were not for the fact that State Farm was both McLowhorn’s liability insurer and the carrier responsible for paying uninsured motorist benefits to Fenner. If separate carriers were involved and State Farm’s contention prevailed, Fenner’s damages would be paid by the uninsured motorist carrier in lieu of the liability insurer, a result which is contrary to the philosophy of the uninsured motorist statute.