432 So.2d 1343 (1983)
Milton CRAFT, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a District of Columbia Corporation, Appellee.
No. 82-1350.
District Court of Appeal of Florida, Second District.
April 29, 1983.
Rehearing Denied June 20, 1983.
*1344 Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, and Beckham & McAliley, Tampa, for appellant.
Daniel P. Mitchell of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
BOARDMAN, Judge.
Milton Craft, defendant in this declaratory judgment suit, appeals a final summary judgment determining that plaintiff/appellee Government Employees Insurance Company (GEICO) had no liability to him under the uninsured motorist (UM) portion of his automobile insurance policy for personal injuries he sustained in an accident on October 19, 1976. We affirm.
The accident occurred when the train on which Craft was riding, operated by his employer, Seaboard Coast Line Railroad Company, collided with a truck at a crossing in Haines City. The owner and operator of the truck were uninsured. Craft brought a negligence action against Seaboard under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., which action he ultimately settled for $150,000.
GEICO provided $45,000 UM coverage, issued by GEICO under its insurance policy issued to Craft covering the period from October 21, 1975, to October 21, 1976, and Craft demanded arbitration to determine the amount of GEICO's liability. However, GEICO took the position that it was not liable to Craft, and it brought the instant declaratory judgment action against him.
GEICO bases its position on the following policy provision:
Any amount payable under ... this Part ... shall be reduced by
(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury...
and
(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law.
The trial court agreed with GEICO, and we agree as well.
Craft urges that the policy provision in question is contrary to the public policy of Florida as expressed in Section 627.727(1), Florida Statutes (1975), which provides in pertinent part:
The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured under any workmen's compensation law, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person *1345 or organization jointly or severally liable together with such owner or operator for the accident.

(Emphasis supplied.)
The rule in Florida is that when an insured is injured in an accident involving two joint tortfeasors, one of whom has liability insurance coverage equal to or greater than the insured's UM coverage and the other of whom is uninsured or underinsured, the insured is not entitled to collect any benefits under his UM coverage. Travelers Insurance Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980); Behrmann v. Industrial Fire & Casualty Insurance Co., 374 So.2d 568 (Fla. 3d DCA 1979); United States Fidelity & Guaranty Co. v. Timon, 379 So.2d 113 (Fla. 1st DCA 1979). See also Aetna Casualty & Surety Co. v. Ilmonen, 360 So.2d 1271 (Fla. 3d DCA 1978). As stated in Timon:
The availability of one joint tortfeasor's liability insurance benefits, in the same amount as claimants' uninsured motorist benefits, satisfies the purpose for which uninsured motorist benefits were provided by law and contract, irrespective of the fact that those uninsured motorist benefits would be available to claimants in full were the [uninsured motorist] the only tortfeasor, and irrespective of the fact that claimants' insured recovery would be greater were the [uninsured motorist] ... an insured tortfeasor brought jointly to court with the [insured] tortfeasor... .
379 So.2d 113-114.
Here, of course, Craft's claim against the solvent tortfeasor was not paid by an automobile liability insurer. However, we see no reason why this factual distinction should change the result in the case now before us.[1]Government Employees Insurance Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976), is analogous. There Stokeley, the insured, was injured in a collision with an uninsured car driven by a soldier traveling within the scope of his employment by the United States. GEICO, the UM carrier, paid Stokeley $10,000 in UM benefits. Subsequently, Stokeley settled with the government for $25,000. GEICO then sought to recover the $10,000 it had paid to the insured. The first district held that GEICO was entitled to reimbursement. Distinguishing UM benefits from PIP benefits, the court refused to apply the rule stated in White v. Reserve Insurance Co., 299 So.2d 661 (Fla. 1st DCA 1974), cert. denied, 308 So.2d 113 (Fla. 1975), allowing the insurer reimbursement for PIP benefits only "to the extent that the injured person has recovered said benefits" from a tortfeasor. Id. at 665. The Graff court explained:
[P]ersonal injury protection benefits are payable under § 627.736 in amounts determinable irrespective of fault in order to compensate the recipient for losses formerly assessable only against the party at fault; on the other hand, disability benefits payable under § 627.727 are not insurance against all loss due to personal injury by an automobile but are insurance for only so much of the loss as is incompensable because of the financial irresponsibility of the party at fault. To apply the rule of White in this alien context would grant a windfall to every injured claimant who compromises with his solvent adversary because of debatable liability or other factors which are unrelated to the existence of insurance or other resources sufficient to pay the just amount of the claim. Moreover, that rule applied here would anomalously discriminate against him whose ill fortune it is to be hit by an insured vehicle: his compensation from the tortfeasor pursuant to judgment or settlement, though neither more nor less adequate than Stokeley's for comparable injuries, would not be similarly augmented by unreimbursable uninsured vehicle benefits. It is inconceivable that, to favor those in Stokeley's position, the legislature intended not only *1346 to fill but to overflow the insurance vacuum created by the tortfeasor's failure to insure himself against liability. See note, 52 U.Va.L.Rev. 538, 555 (1966).
327 So.2d at 90-91. The court specifically held that the UM benefits paid by GEICO were duplicative of the recovery against the United States.
We have considered Hartford Accident & Indemnity Co. v. Lackore, 408 So.2d 1040 (Fla. 1982), Allstate Insurance Co. v. Neduchal, 418 So.2d 248 (Fla. 1982), and the other cases relied on by appellant. None of them is on point, nor do we believe that this opinion is in conflict with any of those cases.
Accordingly, the final summary judgment in favor of GEICO is AFFIRMED.
OTT, C.J., and RYDER, J., concur.
NOTES
[1] We are aware that section 627.727 was amended in 1979. However, inasmuch as the amendment is inapplicable in this case, we express no opinion on whether the result here would be different under the amended statute.