460 So.2d 389 (1984)
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellant,
v.
Sylvester McKINNIE, Appellee.
Nos. 82-2235, 83-60.
District Court of Appeal of Florida, Fourth District.
November 7, 1984.
Rehearing Denied January 4, 1985.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., Miami, and Kopplow & Flynn, P.A., Fort Lauderdale, for appellant.
Marcia E. Levine of Fazio, Dawson & DiSalvo, Fort Lauderdale, for appellee.
PER CURIAM.
Section 627.727(1), Florida Statutes (1981), provides in pertinent part that uninsured motorist coverage "shall be over and above, but shall not duplicate the benefits available to an insured ... from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident." (Emphasis supplied.)
Today we join our sister courts and hold that the foregoing language requires that:
Where two tortfeasors are jointly and severally liable for damages caused to a third person in an automobile accident, although one tortfeasor is uninsured, if the other tortfeasor has liability insurance with policy limits equal to, or greater than, those contained in uninsured motorist coverage possessed by the injured third person, the injured third person cannot recover under his own uninsured motorist policy.
Scharfschwerdt v. Allstate Insurance Co., 430 So.2d 578, 579 (Fla. 5th DCA 1983). See also Craft v. Government Employees Insurance Company, 432 So.2d 1343 (Fla. 2d DCA 1983); Fenner v. McLowhorn, 424 So.2d 50 (Fla. 2d DCA 1982); United States Fidelity and Guaranty Co. v. Timon, 379 So.2d 113 (Fla. 1st DCA 1979); Travelers Insurance Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979). Notwithstanding our holding we certify the following as a question of great public importance to the Florida Supreme Court:
Where two tortfeasors are jointly and severally liable for damages caused to a third person in an automobile accident, although one tortfeasor is uninsured, if the other tortfeasor has liability insurance with policy limits equal to, or greater than, those contained in uninsured motorist coverage possessed by the injured third person, can the injured third person recover under his own uninsured motorist policy?
Accordingly, the judgment on appeal is reversed. On remand, the trial court *390 should proceed with a determination as to the responsibility and rights of the respective parties. See Travelers Insurance Co. v. Wilson, supra.
REVERSED and REMANDED with instructions.
HURLEY, J., and WESSEL, JOHN D., Associate Judge, concur.
ANSTEAD, C.J., dissents with opinion.
ANSTEAD, Chief Judge, dissenting:
I agree with the dissent of Judge Schwartz set out in Behrmann v. Industrial Fire and Casualty Ins. Co., 374 So.2d 568, 569 (Fla. 3d DCA 1979), Schwartz, J., dissenting:
In my judgment, none of the decisions cited in the majority opinion, all of which deal with markedly different situations, are controlling. The plaintiff in this case, who was ostensibly covered by $15,000 in UM insurance provided by Industrial Fire, was a passenger in a car, the driver of which was insured with $15,000 liability limits by Stonewall Insurance Company. The car was involved with another un insured vehicle in an accident in which both drivers were at fault. Under these circumstances, I believe, as the appellant contends, that she is entitled to the benefit of both coverages, with her own UM properly regarded, not as being "stacked" upon her driver's liability policy, compare Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978), but as representing the other, uninsured, motorist's liability. If both drivers were insured, the plaintiff would clearly be entitled to recover, in effect, against both of their liability carriers. Therefore, a simple application of the general rule that the purpose of UM is to provide the insured with the same protection accorded if the tortfeasor were covered by liability insurance, e.g., Aetna Casualty and Surety Co. v. Ilmonen, 360 So.2d 1271, 1274 (Fla. 3d DCA 1978), requires, I believe, a result opposite to that reached by the court.
This seems to be the view in several other jurisdictions as well. See Tholen v. Carney, 555 F.2d 479 (5th Cir.1977); Security National Insurance Co. v. Hand, 31 Cal. App.3d 277, 107 Cal. Rptr. 439 (1973); and Motorists Mutual Insurance Co. v. Tomanski, 27 Ohio St.2d 222, 271 N.E.2d 924 (1971). Uninsured motorist coverage comes into play when one is injured by an uninsured motorist. Here, appellee claims an injury at the hands of an uninsured motorist, thereby invoking the coverage of appellant. The fact that a second, insured, motorist is also involved should not bar the appellee from invoking coverage that is clearly applicable on the face of the terms of the policy. As Judge Schwartz noted, this will not subvert the purpose of uninsured motorist coverage, but, rather, will enhance it, since appellee, if injured at the hands of two insured motorists would have been able to look to both for recovery of his total damages. So, here, the appellee should be able to invoke his uninsured motorist coverage to insure, as close as possible, within the coverages, that he does recover his total damages.