HURLEY, Judge.
This appeal involves a question of coverage under an uninsured motorist provision of an automobile liability insurance policy. The result in this case is dictated by our recent decision in Progressive American Insurance Co. v. McKinnie, 460 So.2d 389 (Fla. 4th DCA 1984), where we held that:
Where two tortfeasors are jointly and severally liable for damages caused to a third person in an automobile accident, although one tortfeasor is uninsured, if the other tortfeasor has liability insurance with policy limits equal to, or greater than, those contained in uninsured motorist coverage possessed by the injured third person, the injured third person cannot recover under his own uninsured motorist policy.
Id. at 389, quoting from Scharfschwerdt v. Allstate Insurance Co., 430 So.2d 578, 579 (Fla. 5th DCA 1983); see also Craft v. Government Employees Insurance Company, 432 So.2d 1343 (Fla. 2d DCA 1983); Fenner v. McLowhorn, 424 So.2d 50 (Fla. 2d DCA 1982); United States Fidelity and Guaranty Co. v. Timon, 379 So.2d 113 (Fla. 1st DCA 1979); Travelers Insurance Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979). Since the final judgment in the case at bar does not comport with the foregoing principle of law, we reverse.
Rather than dwell on the details of the collision, we focus our attention on the lawsuit which generated this appeal. Sheryl Bayles, the injured party, and her husband, Marvin, filed a multi-count complaint. Count one sought a declaratory judgment against State Farm, their uninsured motorist carrier. It alleged that Mrs. Bayles had been injured as a result of the negligence of an uninsured motorist, that State Farm had declined to participate in arbitration pursuant to the policy’s UM provision and, therefore, that the parties were entitled to a decree declaring coverage under the unin *389 sured motorist provision. The Bayleses further requested the court to determine all issues of liability. Counts two and three were aimed at two additional alleged tort-feasors, both of whom had liability coverage equal to, or greater than Mrs. Bayles’ uninsured motorist coverage.
As the case progressed, the trial court granted the Bayleses’ motion for summary judgment against State Farm, finding applicable UM coverage. State Farm did not appeal this order and the case was set for trial. Thereafter, in a special verdict, the jury found that Mrs. Bayles’ injuries were proximately caused by the concurrent negligence of two joint tort-feasors, one of whom was insured and one of whom was not. As between the joint tort-feasors, the jury apportioned negligence by finding that the uninsured tort-feasor was 80% responsible and that the insured motorist was 20% responsible. Further, the jury set Mrs. Bayles’ total damages at $50,000. Based on the jury’s verdict, the trial court entered a final judgment against State Farm “standing in place of ... the uninsured motorist” and also against the insured joint tort-feasor. State Farm responded by filing: (1) a motion to set aside the verdict and judgment, (2) a motion in arrest of judgment and (3) a motion for new trial, all of which cited case authority for the proposition that if one joint tort-feasor has liability insurance coverage in the same amount as the claimant’s uninsured motorist coverage, the claimant is not entitled to collect uninsured motorist benefits even though the other tort-feasor is uninsured. The trial court denied these motions and State Farm appealed.
As a threshold point, the Bayleses contend that State Farm is estopped from contesting the verdict because of State Farm’s failure to appeal the trial court’s order finding coverage. We disagree. Here the Bayleses requested the trial court to retain jurisdiction and determine State Farm’s liability. Thus, within the context of this lawsuit, the trial court’s order finding coverage was an interlocutory and non-appealable order. See Travelers Insurance Co. v. Bruns, 429 So.2d 317 (Fla. 4th DCA 1982).
As indicated at the outset, the result in this case is mandated by our recent decision in Progressive American Insurance Co. v. McKinnie, supra. As in that case, we certify the underlying issue as one of great public importance and adopt by reference to the opinion in that case the question as framed therein. Obviously, the trial court did not have the benefit of our decision and cannot be faulted for the judgment which was entered. Accordingly, we reverse the final judgment as it pertains to State Farm. Moreover, since attorney’s fees and costs were awarded against State Farm on the mistaken premise of applicable coverage, we reverse those awards as well.
REVERSED.
HERSEY, J., concurs in the majority opinion and concurs in the special concurring opinion.
ANSTEAD, C.J., concurs specially with opinion.