483 So.2d 402 (1985)
Sheryl BAYLES and Marvin Bayles, Petitioners/Cross-Respondents,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Respondents/Cross-Petitioners.
NATIONAL LINEN SERVICE, et al., Petitioners,
v.
Sheryl BAYLES and Marvin Bayles, Respondents.
Nos. 66348, 66362.
Supreme Court of Florida.
November 25, 1985.
Rehearing Denied March 12, 1986.
Jay Halpern of Keyfetz, Poses and Halpern, Miami, for Sheryl Bayles and Marvin Bayles, petitioners/cross-respondents.
Thomas T. Grimmett of Grimmett and Korthals, Fort Lauderdale, and Nancy Little Hoffmann of the Law Offices of Nancy Little Hoffmann, Fort Lauderdale, for State Farm, respondents/cross-petitioners.
Edward A. Perse of Horton, Perse & Ginsberg, Miami, amicus curiae for Academy of Florida Trial Lawyers.
Steven M. Weiss of James F. Dougherty, II, P.A., Miami Beach, for National Linen Service and Matthew Nelson Drummet, petitioners.
Jay Halpern of Heyfetz, Poses and Halpern, Miami, for Sheryl Bayles and Marvin Bayles, respondents.
EHRLICH, Justice.
The Fourth District Court of Appeal certified by reference in State Farm Mutual Automobile Insurance Co. v. Bayles, 459 So.2d 387, 389 (Fla. 4th DCA 1984) the following question which was previously certified in Progressive American Insurance Co. v. McKinnie, 460 So.2d 389, 389 (Fla. 4th DCA 1984):
WHERE TWO TORTFEASORS ARE JOINTLY AND SEVERALLY LIABLE FOR DAMAGES CAUSED TO A THIRD PERSON IN AN AUTOMOBILE ACCIDENT, ALTHOUGH ONE TORTFEASOR *403 IS UNINSURED, IF THE OTHER TORTFEASOR HAS LIABILITY INSURANCE WITH POLICY LIMITS EQUAL TO, OR GREATER THAN, THOSE CONTAINED IN UNINSURED MOTORIST COVERAGE POSSESSED BY THE INJURED THIRD PERSON, CAN THE INJURED THIRD PERSON RECOVER UNDER HIS OWN UNINSURED MOTORIST POLICY?
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
Section 627.727(1), Florida Statutes (1983) mandates (with some exceptions not relevant here) that uninsured motorist protection be provided in motor vehicle liability insurance policies delivered or issued in the State of Florida. At issue in this case is the proper construction of that section which provides in relevant part:
The coverage described under this section shall be over and above, but shall not duplicate, the benefits available to an insured ... from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident.
An examination of the origins of uninsured motorist (UM) coverage sheds light on the problem before us. One commentator has observed that:
The antecedent of the uninsured motorist's endorsement ... can be found in the unsatisfied judgment insurance first offered in about 1925 by the Utilities Indemnity Exchange. This insurance provided indemnification when the insured showed both (1) that he had reduced the claim to judgment and (2) that he was unable to collect the judgment from the negligent party. Such insurance was available from several companies during the years from 1925 until 1956. When the uninsured motorist's coverage became generally available, the unsatisfied judgment insurance was abandoned. It should be noted that the uninsured motorist endorsement  as proposed and subsequently issued  differed significantly from its predecessor in that it eliminated the requirement that the insured obtain a judgment against the uninsured motorist prior to recovering under his policy.
A. Widiss, A Guide to Uninsured Motorist Coverage § 1.9 (1969). As this observation points out, the significant difference between UM coverage and its predecessor lies in the fact that the procedural requirement of obtaining an uncollectable judgment against an uninsured tortfeasor was eliminated by the advent of UM coverage. Of critical importance for our analysis here is that the underlying philosophy of unsatisfied judgment insurance and UM coverage remain the same: when there is a fund available to compensate an injured insured, as in the case of joint tortfeasors, one of whom is insured at least to the extent of the amount of the injured party's UM coverage, there is no need to resort to the injured party's own unsatisfied judgment or uninsured motorist insurance.
In the instant case, petitioner and amicus correctly point out that this Court has consistently rejected, as against public policy, attempts by insurors, through exclusions and exceptions, to limit the applicability of UM coverage. See, e.g., Salas v. Liberty Mutual Fire Insurance Co., 272 So.2d 1 (Fla. 1972); Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971). However, a review of the other cases relied upon by petitioner reveals that the questions involved there presupposed the fact that no other tortfeasor's insurance benefits were available to the injured party seeking coverage under his own UM policy. This is not the issue presented here.
Petitioner Sheryl Bayles was injured in an automobile accident by two tortfeasors, one of whom was uninsured. The other tortfeasor, National Linen, had liability insurance with policy limits greater than or equal to petitioner's own uninsured motorist coverage. The Bayleses brought suit in circuit court against the insured tortfeasor and their own UM carrier, State Farm. As to the latter, they alleged her injury as a *404 result of the negligence of the uninsured motorist, State Farm's declination to participate in arbitration pursuant to the policy's UM provision, and asked for a decree declaring coverage under the UM provision of their policy. They also asked the Court to determine all issues of liability. After the jury returned a verdict finding both the insured and uninsured motorists negligent, State Farm appealed its liability on the ground that the damages sustained by Mrs. Bayles were totally compensible by resorting to the insured tortfeasor's liability insurance policy. The Fourth District correctly held that where the insured torfeasor has liability insurance with policy limits equal to or greater than those contained in the injured person's UM policy, resort may not be had to the injured party's own UM benefits.
We hold that this result is mandated by the language of section 627.727(1), which states that resort to UM benefits "shall be over and above, but shall not duplicate, the benefits available to an insured" from any other person or organization jointly or severally liable with the uninsured motorist. As the petitioner here can be made whole by resorting to the insured tortfeasor's liability insurance benefits, the purpose for which UM coverage is mandated is not called into play.
We note in passing that the other district courts have all reached the same result as the Fourth District sub judice, and as we do today. Scharfschwerdt v. Allstate Insurance Co., 430 So.2d 578 (Fla. 5th DCA 1983); Craft v. Government Employees Insurance Co., 432 So.2d 1343 (Fla. 2d DCA), review denied, 440 So.2d 351 (Fla. 1983); United States Fidelity & Guaranty Co. v. Timon, 379 So.2d 113 (Fla. 1st DCA 1979); Travelers Insurance Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980).
The decision of the Fourth District Court of Appeal is approved.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.