513 So.2d 748 (1987)
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellant,
v.
Sylvester McKINNIE, Appellee.
No. 4-86-3137.
District Court of Appeal of Florida, Fourth District.
October 7, 1987.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., and Kopplow & Flynn, P.A., Miami, for appellant.
Marcia E. Levine, of Fazio, Dawson, DiSalvo & Cannon, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a summary final judgment. We reverse, as there may be genuine issues of material fact, and remand.
In Progressive American Insurance Company v. McKinnie, 460 So.2d 389 (Fla. 4th DCA 1984), this court joined other Florida appellate courts in construing the provision of section 627.727(1), Florida Statutes, to mean that where two tortfeasors are jointly and severally liable for damages to a third person in an auto accident, although one tortfeasor is uninsured, if the other tortfeasor has liability insurance with policy limits equal to or greater than the injured person's uninsured motorist coverage, that person may not recover under his uninsured motorist coverage. On remand the trial court was to determine the responsibility and rights of the respective parties. This court also certified the question as one of great public importance. This court issued its mandate on January 22, 1985. The Florida Supreme Court approved this court's decision in McKinnie v. Progressive American Insurance Co., 488 So.2d 825 (Fla. 1986), calling attention to the opinion in Bayles v. State Farm Mutual Automobile Insurance Co., 483 So.2d 402 (Fla. 1985), in which the Florida Supreme Court had come to the same conclusion on the same issue.
While the Supreme Court review was pending, on May 3, 1985, McKinnie filed a tort suit against the Murrays, both driver *749 and owner, in order to avoid the running of the statute of limitations. The purpose of the suit was to determine whether Murray was a joint tortfeasor. Progressive feels this was contrary to this court's order in the prior appeal. Progressive says it was not a party to that suit, and had no notice of the action, but there is no affirmative evidence on this point, either way. We do know that Progressive's present counsel did not take part in those proceedings, which ended in summary judgment in favor of Murray. McKinnie's counsel had presented no argument in opposition to a judgment in favor of Murray, in that action. She explained in a deposition it was obvious Murray did not contribute to the accident, but the accident was caused by the phantom driver.
We surmise it was because of the judgment in favor of Murray in that suit that the final summary judgment here being appealed from was rendered in this case. It was McKinnie's argument before the trial court that, under the appellate decisions in the first case, if Murray was not negligent, as had now been determined, then McKinnie was entitled to arbitration of his claim under the uninsured motorist coverage.
It is clear Progressive was not a named party to the McKinnie v. Murray action in which the court determined Murray was not negligent. However, a careful statement of the identity of parties element in both estoppel by judgment and res judicata analysis includes, alternatively, ones in privity with actual parties, participants in the action having an interest but not technically parties, and persons virtually, though not actually, represented by the parties of record. 32 Fla.Jur.2d Judgments and Decrees §§ 148-153 (1981).
Progressive could not have been represented by McKinnie or Murray in the McKinnie v. Murray litigation, if its interest was antagonistic to each of theirs. A privy is one who is identified with the litigant in interest. E.g., Jones v. Bradley, 366 So.2d 1266 (Fla. 4th DCA 1979). In the latter case, the insurer was in privity with its insured because it was the insured's subrogee. Here, the insured is hoping to collect from the insurer, and can do so, under the law of the case coming from the former appeals, only if Murray was not negligent. On this record, then, neither by the doctrine of res judicata nor by the doctrine of estoppel by judgment does the judgment in McKinnie v. Murray bind Progressive.
Appellant's second point is that, if it is not bound by the judgment in McKinnie v. Murray, summary judgment was inappropriate in the instant case because there still remains a material issue of fact as to whether Murray was a tortfeasor. Murray's deposition arguably indicates that he may have been slow in reacting to the presence of the stopped phantom vehicle. He said he thought that had he taken evasive action more promptly he could have avoided the phantom vehicle without the drastic action he took, and conceivably McKinnie would not have collided with the Murray car.
If Progressive had no opportunity to participate in the McKinnie tort suit against the Murrays, then the issue of Murray's negligence remains to be resolved in the instant case. On remand it will be necessary for the trial court to determine whether Progressive participated in or was entirely a stranger to the tort suit instituted by McKinnie against the Murrays in 1985; or whether there was prior notice to Progressive of the McKinnie action against the Murrays, and subsequent inaction by Progressive, and if so, whether such state of affairs estopped Progressive from disputing the judgment in that lawsuit or had no such effect.
STONE, J., and BLOOM, PHILIP, Associate Judge, concur.