GUNTHER, J.
Laurence T. Adelman and Eileen Adel-man appeal a portion of the trial court’s post-trial rulings in favor of St. Paul, their uninsured/underinsured motorist carrier. Characterizing the ruling as a judgment notwithstanding the verdict (JNOV), the Adelmans seek to have the jury verdict, which they argue was actually in their favor, reinstated. St. Paul counters that the trial court did not grant a JNOV on the Adelmans’ uninsured motorist claim, but instead ruled in favor of St. Paul based on a jury verdict favoring St. Paul. St. Paul cross-appeals the denial of its motion for JNOV on Laurence’s PIP claim.
This case arose from a rainy-day incident involving several cars. Laurence was rear-ended by Harry Jonsson when Laurence braked to avoid the car in front of him. Jonsson was in turn rear-ended by Rosalind Mitchell, and the force caused him to strike Laurence’s car a second time. Jonsson was driving an insured Scamp rental car. Mitchell was uninsured and was driving a car owned by Roberta Neal, who was also uninsured. The Adelmans contend that each collision was a separate accident; one caused by Jonsson and the other by Mitchell. St. Paul counters it was one chain-reaction accident, thus Jonsson and Mitchell were joint tort-feasors.
Laurence Adelman suffered injuries as a result of these collisions and sued. He settled with Scamp rental company for less than the policy limits, obtained a default against Mitchell and Neal, dismissed as to all remaining defendants except Mitchell and St. Paul, and then went to trial against Mitchell and St. Paul, his insurance company, for uninsured motorist benefits.
The jury returned a verdict of $600,000 in damages on Laurence’s uninsured motorist benefits claim, $25,000 in damages for Eileen’s loss of consortium claim, and $25,787.82 damages on Laurence’s Personal Injury Protection claim.
St. Paul filed post-trial motions which the judge granted in part and denied in *108 part. The trial court, interpreting the jury’s verdict, refused to enter judgment in favor of the Adelmans on the awards of $600,000 to Laurence and $25,000 to Eileen. Ruling in favor of Laurence on his PIP claim, the trial court denied St. Paul’s motion for judgment notwithstanding the verdict (JNOV) and confirmed the award to Laurence of $25,787.82.
The trial court granted St. Paul’s post-trial motion regarding the uninsured motorist claim on two grounds. First, interpreting the jury’s verdict as finding Mitchell not liable, the trial court determined that such a finding precluded the jury from awarding damages to Laurence and Eileen. The trial court also ruled that because Jonsson and Mitchell were joint tort-feasors, the settlement with Scamp for less than the policy limits precluded the Adelmans from recovering under their uninsured motorist policy with St. Paul, citing Bayles v. State Farm, Mutual Automobile Insurance Co., 483 So.2d 402 (Fla.1985).
The Adelmans appeal the trial court’s ruling on their claim for uninsured motorist benefits and St. Paul cross-appeals the PIP award. Without further discussion we affirm the trial court’s ruling on the PIP award to Laurence.
Resolving the remainder of this appeal requires a tedious review and comparison of the jury instructions with the verdict form. Neither the Adelmans nor St. Paul take issue with the instructions or the verdict form. All parties claim a review of the instructions and the verdict form mandates judgment in their favor on the uninsured motorist benefits issue. Both the Adelmans and St. Paul argue that the jury actually rendered a verdict in their favor. St. Paul contends the trial court correctly interpreted the jury verdict as being in its favor and entered judgment accordingly. The Adelmans, on the other hand, counter that the trial court granted a JNOV, thereby disregarding a verdict in their favor.
The obvious reason for these positions is to gain an advantageous standard of review. The Adelmans remind us that when reviewing a JNOV, we must view all of the evidence in a light most favorable to the non-movant and resolve all conflicts in the non-movant’s favor. Diamond v. Ro-senfeld, 511 So.2d 1031 (Fla. 4th DCA 1987). In response, St. Paul argues that abuse of discretion is the standard of review because the trial court, when ruling in St. Paul’s favor, was correctly interpreting the jury’s verdict.
We will first examine the trial court’s stated reasons for granting St. Paul’s post-trial motion. The first ground was based on the trial court’s conclusion that the jury found Mitchell not liable. The trial court reached this conclusion by interpreting the jury’s answer to a question on the verdict form. The jury was asked, “If it is reasonably possible to do so, please state the percentage of negligence or fault, if any, which was a legal cause of Laurence T. Adelman’s alleged injuries which you charge: Harry Jonsson, Rosalind Mitchell, Anthony T. Collins, Nissan North America.” The jury placed a zero after each name.
The trial court interpreted the jury’s zeroes as an assignment of no liability to Mitchell, the uninsured defendant for whom St. Paul would be responsible. Once the trial court decided the jury had found Mitchell not liable, it then ruled that the jury could not award damages against Mitchell where the jury had found no liability, citing Continental Assurance Co. v. Davis, 538 So.2d 542 (Fla. 1st DCA 1989) (reversing judgment entered in favor of plaintiff where jury awarded damages despite its finding of no liability).
*109 We believe the more reasonable interpretation of the zero beside each name is that the jury did not find “it reasonably possible” to divide the liability into specific percentages. We reach this interpretation because the jury had been specifically instructed that “Rosalind Mitchell, the driver of the vehicle, owned by the Defendant, Roberta Neal, was negligent and such negligence was the legal cause of loss, injury or damage to the Plaintiff, Laurence Adel-man.” Having been instructed that Mitchell was negligent, it does not make sense that the jury would then find her not negligent.
Concerning apportionment of liability, the jury was instructed as follows: “If, however, the greater weight of the evidence shows that both Laurence Adelman, one or more, Jonsson, Scamp, Mitchell, Neal, Collins or Nissan were negligent, and that the negligence of each contribute as a legal cause of loss, injury or damage sustained by Laurence Adelman, you should write on the verdict form what percentage of the total negligence of all parties to this action is chargeable to each.” From the language of the instruction, it is clear that the jury was requested to apportion liability only if they decided that both Laurence and one or more of the defendants were negligent. In order for the instruction to be used by the jury, the verdict form should have required the jury to determine Laurence’s negligence. The verdict form, however, did not provide any space for the jury to make a determination whether Laurence was negligent.
Without a question on the verdict form matching the instruction, we are unable to determine how or whether this instruction was applied by the jury in its determination. Thus, we do not know what their factual findings may have been with regard to this instruction. Consequently, this instruction sheds no light on what the jury may have meant by its verdict in this case, and no assumptions can be made about any factual findings by the jury on the liability issue.
In sum, regarding the first ground for granting St. Paul’s motion and entering a judgment in favor of St. Paul, we hold that the trial court erred in ruling that the jury found Mitchell not liable. We reach this conclusion because the jury was not given an opportunity on the verdict form to apportion liability; moreover, the jury was specifically instructed that Mitchell was “negligent and such negligence was the legal cause of loss, injury or damage to the Plaintiff, Laurence Adelman.” Thus, the jury did not in fact decide this issue and the trial court consequently erred in ruling that the jury made such a finding of no liability. That being so, the trial court likewise erred in ruling that the jury was precluded from awarding $600,000 in damages to Laurence and an award for loss of consortium to Eileen.
The second ground for granting St. Paul’s motion and entering judgment in its favor was the trial court’s conclusion that Bayles prohibited recovery from Laurence’s uninsured motorist policy in the instant case. 483 So.2d at 402. We conclude that this' is an alternative ground because the first ground was based on a finding of no liability; however, the second ground was based on a finding that the same defendants were liable as joint tort-feasors. These findings are clearly mutually exclusive.
The trial court relied on Bayles, which held that where two or more joint tort-feasors are jointly or severally liable for damages caused to a third person in a car accident, the injured party cannot recover under his own uninsured motorist policy if one of the joint tort-feasors has liability insurance with limits higher than the in *110 jured person’s uninsured coverage. Id.[1] As the statute now reads, the injured party cannot recover under his own uninsured motorist policy if one of the joint tort-feasors has liability insurance with limits greater than the injured person’s damages. In this case, Laurence’s damages are clearly less than Scamp’s policy limits.
However, the only way a comparison between the company’s policy limits and the plaintiffs damages comes into play is if the jury determined that Jonsson and Mitchell were joint tort-feasors. Whether or not individuals are joint tort-feasors is a question of fact to be determined by the circumstances of each case. Letzter v. Cephas, 792 So.2d 481, 486 (Fla. 4th DCA 2001) (citing Sands v. Wilson, 140 Fla. 18, 191 So. 21, 23 (1939)). In this case, the jury was not instructed that an issue for its determination was whether any of the defendants were joint tort-feasors. Likewise, the verdict form failed to include a question on the issue of joint tort-feasors. Therefore the jury did not make a specific finding on this issue. Without such a jury finding, the trial court had to implicitly find that the defendants were joint tort-feasors in order to apply Bayles. Such a factual finding was not in the trial court’s power because the jury, not the judge, was the fact-finder in this case. Thus the trial court erred in implicitly finding that the defendants were joint tort-feasors.
Relying on the improper finding that defendants were joint tort-feasors, the trial court erred in applying the holding in Bayles. 483 So.2d at 403. The trial court ruled that Laurence could not recover under his own uninsured motorist policy because Scamp’s policy limits were greater than his own uninsured motorist policy. See id. This is error for two reasons. First, the precise holding of Bayles is inapplicable due to statutory changes mentioned earlier in this opinion. See id. Second, the trial court erred in making a factual finding that the defendants were joint tort-feasors.
In sum, regarding the second ground for the trial court granting St. Paul’s motion and entering a judgment in favor of St. Paul, we conclude that Bayles is inapplicable. The precise holding of Bayles has been altered due to statutory changes. See § 627.727, Fla. Stat. (2001). Moreover, we hold that the trial court erred in implicitly determining that the defendants were joint tort-feasors and ruling that the jury was thus precluded from awarding damages to the Adelmans.
The two grounds stated in the trial court’s order to support the entry of a judgment in favor of St. Paul are erroneous for the reasons stated above. Consequently, we reverse the trial court’s ruling in favor of St. Paul against Laurence and Eileen Adelman on their uninsured motorist claims.
Although not addressed in the trial court’s order, the plaintiffs’ burdens of proof are relevant to this discussion. Normally the plaintiffs have the initial burden of proving that they are entitled to uninsured motorist coverage; moreover, where *111 there are two successive accidents, the plaintiffs also have the burden of allocating the injuries. State Farm Mut. Auto. Ins. Co. v. Vecchio, 744 So.2d 570, 571 (Fla. 2d DCA 1999); Washewich v. Lefave, 248 So.2d 670, 672-73 (Fla. 4th DCA 1971). However, in this case, the plaintiffs’ burdens were eliminated by the following jury instructions:
Rosalind Mitchell, the driver of the vehicle, owned by the Defendant, Roberta Neal, was negligent and such negligence was the legal cause of loss, injury or damage to the Plaintiff, Laurence Adel-man. Laurence Adelman is entitled to recover from the Defendant, St. Paul Guardian Insurance Company for such loss, injury or damage as shown by the greater weight of the evidence to have thus been caused.
Because the instruction that the uninsured motorist is liable immediately precedes the instruction that Laurence is entitled to recovery from St. Paul, logically these instructions are related to each other and meant to be considered together. The sum of these two instructions communicates that the stated recovery from St. Paul is for the uninsured motorist benefits. Thus, the jury was not called upon to decide whether the plaintiff was entitled to recover uninsured motorist benefits from St. Paul.
Having concluded that the ruling in favor of St. Paul on the Adelmans’ claims for uninsured motorist benefits and loss of consortium must be reversed, we now turn to analyzing the jury’s verdict as rendered.
After reviewing the jury instructions as well as the verdict form, we conclude that a judgment should be entered in favor of the Adelmans on their claims for uninsured motorist benefits and loss of consortium for the following reasons.
On appeal, St. Paul maintains that one jury instruction in particular supports the trial court’s refusal to enter judgment in favor of the Adelmans. St. Paul claims the jury, by its verdict, intended the disputed award of damages to be applied against the first tort-feasor, Jonsson. The instruction, relied upon by St. Paul for this proposition, told the jury that
since there, was testimony as to two accidents, you should apportion damages between the two accidents, if reasonably possible to do so. If, however, the injuries sustained as a result of the two accidents are inseparable and cannot be apportioned, you MAY return a verdict for the entire medical condition shown, by the greater weight of the evidence, to have been sustained by the Plaintiff to the tort-feasor causing the first'aecident.
(emphasis added).
St. Paul’s argument that the jury relied on this instruction to return a verdict against Jonsson as the tort-feasor causing the first accident fails because it relies on too many unsupported assumptions. The primary assumptions appear to be that the jury found two accidents (the jury was not instructed to make this finding or requested to do so on the verdict form), that the jury was unable to apportion damages (this is unknown because they were not asked to do so on the verdict form), and that as result of those two findings, the jury exercised its discretion to return a verdict against the tort-feasor causing the first accident. Interpreting the jury’s verdict as an award against the first tort-feasor, Jonsson, would ignore and render meaningless the instruction that Mitchell was negligent and such negligence caused damages and Laurence was entitled to recover from St. Paul.
The jury instructions that the uninsured motorist is liable and that Laurence was entitled to recover from St. Paul dictate *112 the outcome in this case. The only logical conclusion, in light of these jury instructions, is that the jury intended to award $600,000 and $25,000 in damages to the Adelmans and intended that a judgment be entered against St. Paul.
St. Paul argues that, even if it suffers an adverse judgment on the Adelmans’ uninsured motorist claims, it is entitled to a set-off under sections 627.727(a) and (c) of the Florida Statutes (2001). We decline to address this argument because the trial court has not yet ruled on the issue.
In sum, we affirm the trial court’s ruling in favor of Laurence on his PIP claim. We conclude the trial court misinterpreted the jury’s verdict and in effect, erroneously granted St. Paul a JNOV on the Adelmans’ uninsured motorist claim. Therefore, we reverse the trial court’s ruling on that issue and remand for entry of judgment in favor of Laurence and Eileen Adelman for $600,000 and $25,000, respectively.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
STEVENSON and SHAHOOD, JJ., concur.

. The precise holding of Bayles is no longer applicable due to statutory changes. Section 627.727, Florida Statutes, has been amended since Bayles was decided. When Bayles was decided, an uninsured motorist vehicle was one with policy limits less than the limits applicable to the injured person provided under uninsured motorist's coverage applicable to the injured person. § 627.727(3)(b), Fla. Stat. (1985). Now, an uninsured vehicle is one with insurance policy limits that are less than the total damages suffered by the party legally entitled to recover damages. § 627.727(3)(b), Fla. Stat. (2001). Uninsured benefits also must kick in to cover any amount of damages remaining after the other party's policy limits have been exhausted. § 627.727(1), Fla. Stat. (2001).